IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| APPLIED BIOKINETICS LLC,<br>*Plaintiff,* § § § | | |
| v. § § § | | CIVIL ACTION 6:21-CV-555-ADA<br>CIVIL ACTION 6:21-CV-556-ADA<br>CIVIL ACTION 6:21-CV-557-ADA |
| CVS PHARMACY, INC. and<br>MULLER SPORTS MEDICINE, INC.,<br>*Defendants* § § § § | | |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS INEQUITABLE CONDUCT COUNTERCLAIM AND DEFENSE WITH LEAVE TO AMEND

The Court considered Plaintiff Applied Biokinetic LLC's ("ABK") Motion to Dismiss Inequitable Conduct Counterclaim and Defense (Dkt. 16),[1] Defendant CVS Pharmacy Inc.'s ("CVS") Opposition (Dkt. No. 18), Plaintiff's Reply (Dkt. No. 20), CVS's Answer (Dkt. No. 13), and CVS's Amended Answer (Dkt. No. 27). The Court finds the briefing applicable to the Amended Answer despite the amendments therein and does not find the arguments moot. The Court hereby **GRANTS** the Motion to Dismiss Inequitable Conduct Counterclaim and Defense (Dkt. 16) and gives CVS leave to amend its answer again.

## LAW

A district court evaluating the sufficiency of a pleading alleging inequitable conduct applies the law of the United States Court of Appeals for the Federal Circuit, rather than the law

---

[1] Docket numbers refer to case 6:21-cv-555-ADA unless otherwise stated. This Motion to Dismiss is also docket number 16 in cases 6:21-cv-556-ADA and 6:21-cv-557-ADA.

of the regional circuit court. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). Inequitable conduct is a species of fraud, so it must be pleaded with particularity under Rule 9(b). *Id.* To meet these pleading requirements, the pleader must set forth a particularized factual basis that supports its inequitable conduct defense. *Id.* at 1326-27. To sufficiently plead inequitable conduct, a defendant must "identify the specific who, what, when, where and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328. Moreover, "a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328-29 (emphasis added). To prevail on an inequitable conduct defense, a defendant must prove by clear and convincing evidence that the patentee "misrepresented or omitted material information with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d at 1288 (Fed. Cir. 2011) (*en banc*).

## ANALYSIS

Plaintiff argues that CVS's Answer failed to meet the *Exergen* standard. In opposition, CVS argues that it identified Mr. Bushby as the "who." As to the "what," CVS's Opposition contains a confusing heading that "CVS Sufficiently Pleaded that Mr. Bushby Made Material Misrepresentations with Specific Intent to Deceive The USPTO." Under this heading, CVS explains its inequitable conduct theory is based on "*withheld material* information rather than false statements," and that "Mr. Bushby knew of the withheld material information from the USPTO regardless of whether anything he affirmatively stated was technically false." Dkt. 18 at 14–16. In particular, "Mr. Bushby "deceptively omitted mention of the properties of the prior art

products." *Id.* at 15. Thus, The Court agrees with Plaintiff that CVS's pleading is unclear about whether the inequitable conduct is based on a misrepresentation or an omission. The "what" element required by *Exergen* remains unclear.

> CVS's Opposition captures the essence of its argument in the following paragraph:
>
>> CVS pleaded the who (Mr. Bushby); the what (Mr. Bushby was aware of the materiality of prior art kinesiology tape like Kinesio Tex® tape and its relevant properties); the when and where (before the USPTO, during prosecution of the application for the '511 patent and its descendant applications); and the how (Mr. Bushby misrepresented the characteristics of his purported invention and the prior art by repeatedly omitting a description of relevant properties in the widthwise direction).

Dkt. 18 at 18. CVS's opposition in the paragraph above almost adequately pleads the elements required by *Exergen*. This theory of inequitable conduct contains several deficiencies.

First, the paragraph above lacks citations to the Answer. The Court reviewed the Answer and the Amended Answer, neither of which clearly sets forth the inequitable conduct theory in the paragraph quoted above. The Answer and Amended Answer do recite underlying facts from which the above-quoted theory can be derived when interpreted in certain ways, but the theory is not clear in the pleadings. Thus, the Court gives leave to amend the Answer again to add a paragraph like the above to explicitly identify each *Exergen* element.

Second, the paragraph above confuses misrepresentations with omissions. The law treats misrepresentations and omissions as different forms of inequitable conduct. *Therasense,* 649 F.3d at 1288 ("misrepresented or omitted material information"). CVS must either plead that Mr. Bushby made a misrepresentation (e.g., a false statement) or an omission. CVS's current theory that Mr. Bushby "misrepresented the characteristics of his purported invention and the prior art by repeatedly omitting a description," must be dismissed because it fails to set forth a clear theory under *Therasense*. Dkt. 18 at 18.

Third and most importantly, the Answer and Amended Answer are unclear as to "what" exactly was withheld from the USPTO. Thus, the Answer and Amended Answer fail to clearly plead the "what" element required by *Exergen*. The Court can discern from the Answer and Amended Answer a theory that Mr. Bushby withheld *something* related to stretch properties of prior art tape, but the Answer and Amended Answer do not make clear "what" this *something* is.

If CVS contends that Mr. Bushby withheld prior art in the form of documents or physical samples, then the Court is able to discern the following viable theory from CVS's Opposition (though not from the Answer or Amended Answer): Mr. Bushby possessed Kinesio Tex® prior art kinesiology tape or noncumulative documents describing its properties (collectively "Kinesio prior art"), he knew that stretch properties of Kinesio prior art were material to his amendments in the pending patent applications, he withheld the Kinesio prior art from the USPTO, he instructed his attorneys to make arguments that circumvented disclosed prior art but did not circumvent undisclosed Kinesio prior art, and those arguments persuaded the USPTO into allowing the patent applications. This is a classic withholding-the-prior-art theory of inequitable conduct. If CVS has a Rule 11 basis to plead these facts (especially that Mr. Bushby withheld noncumulative Kinesio Tex® prior art kinesiology tape or noncumulative prior art documents describing of its stretch properties), then an amendment would not be futile, so the Court dismisses with leave to amend.

Alternatively, CVS might be arguing that Mr. Bushby withheld his own *mental knowledge* regarding the material properties of Kinesio Tex® prior art kinesiology tape. If this is the case, then CVS must make this "what" element explicit in its Answer and clearly explain "how" his mental knowledge would have served as the basis of a rejection (e.g., by identifying the statutory, legal, and/or procedural basis for using an applicant's present mental knowledge to reject a pending

claim).  Unlike documents or physical prior art encompassed by 35 U.S.C. § 102, it remains unclear how CVS contends an applicant's own mental knowledge serves as prior art.

## CONCLUSION

The Court hereby **GRANTS** the Motion to Dismiss Inequitable Conduct Counterclaim and Defense (Dkt. 16) and gives CVS leave to amend its answer again.

Signed this 21st day of April, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE